USDC SCAN INDEX SHEET











THUESON

COSMEDERM

LMH   10/24/97   11:49
3:97-CV-01902
*1*
*NTCREM.*

1  JENNIFER A. KEARNS, ESQ., STATE BAR NO. 125588
   CRAIG E. HUNSAKER, ESQ. STATE BAR NO. 168829
2  BROBECK, PHLEGER & HARRISON LLP
   550 West "C" Street, Suite 1300
3  San Diego, California 92101
   (619) 234-1966
4

5  Attorneys for Defendant
   COSMEDERM TECHNOLOGIES, INC.
6

7

FILED

UCT 2 2 1997

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10                                    '97 CV 1902 H   (CGA)

11  DAVID O. THUESON,              )   Case No. _____
                                   )
12           Plaintiff,            )
                                   )   **NOTICE OF REMOVAL**
13      v.                         )
                                   )
14  COSMEDERM TECHNOLOGIES, INC.;  )
    and DOES 1 to 50, inclusive;   )
15                                 )
             Defendants.           )
16  _____)

17      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18      PLEASE TAKE NOTICE that defendant COSMEDERM TECHNOLOGIES,

19  INC. ("Cosmederm") hereby removes to this Court the state court

20  action described below.

21      1.   On September 15, 1997 an action was commenced in the

22  Superior Court of the State of California for the County of San

23  Diego, entitled David O. Thueson, Plaintiff v. Cosmederm

24  Technologies, Inc., Defendant, as Case No. 714052.  A copy of the

25  complaint is attached hereto as Exhibit "A."

26      2.   The first date upon which defendant Cosmederm received a

27  copy of said complaint was September 22, 1997, when it was served

28  with a Summons upon Cosmederm's counsel, Brobeck, Phleger &

SDILIB1\CEH\217069.01

**ORIGINAL**

1  Harrison LLP.  A copy of the Summons and the Notice and

2  Acknowledgment of Receipt is attached hereto as Exhibit "B."

3      3.   Cosmederm answered the complaint on Tuesday, October 21,

4  1997.  A copy of the Answer is attached hereto as Exhibit "C."

5      4.   This action is a civil action of which this Court has

6  original jurisdiction under 28 U.S.C. § 1331, and is one which may

7  be removed to this Court by Cosmederm pursuant to the provisions

8  of 28 U.S.C. § 1441(b), in that it arises under 21 U.S.C. § 355,

9  et seq., and regulations promulgated thereunder.  See Complaint,

10 ¶¶ 12, 30-34.

11 Dated:  October 22, 1997        JENNIFER A. KEARNS
                                   CRAIG E. HUNSAKER
12                                 BROBECK, PHLEGER & HARRISON LLP

13

14                             By:  _____

15                                  Craig E. Hunsaker
                                    Attorneys for Defendant
16                                  COSMEDERM TECHNOLOGIES, INC.

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name and Address)*:<br>DENNIS M. GRADY, ESQ.          **TELEPHONE NO.:** (619) 528-2230<br>GRADY AND ASSOCIATES<br>3111 CAMINO DEL RIO NORTH, SUITE 400<br>SAN DIEGO, CALIFORNIA 92108<br>**ATTORNEY FOR** *(Name)*: DAVID O. THUESON   **BAR #** 1118461 | **FOR COURT USE ONLY**<br><br>C O P Y<br>KENNETH E. MARTONE<br>*Clerk of the Superior Court*<br>**SEP 15 1997**<br>By E. BROWN, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

☒ CENTRAL COURT, 220 W. BROADWAY, SAN DIEGO, CA 92101-3409
☐ NORTH COUNTY BRANCH, 325 S. MELROSE, VISTA, CA 92083-6627
☐ EAST COUNTY COURT, 250 E. MAIN, EL CAJON, CA 92020-3913
☐ SOUTH BAY COURT, 500 THIRD, CHULA VISTA, CA 91910-5694

**CASE NAME:** DAVID O. THUESON V. COSMEDERM TECHNOLOGIES, INC. AND DOES 1-50, inclusive

| **CIVIL CASE COVER SHEET**<br>(Case Cover Sheets) | **CASE NUMBER:**<br>714052 |
|---|---|

1. [ 15 ] Case category *(Insert code from list below for the ONE case type that best describes the case)*:

| | |
|---|---|
| 01 Abuse of Process | 18 Insurance Coverage/Subrogation |
| 02 Administrative Agency Review | 19 Intellectual Property |
| 03 Antitrust/Unfair Business Practices | 20 Enforcement of Judgment *(Sister State, Foreign,* |
| 04 Asbestos | *Out-of-Country Abstracts)* |
| 05 Asset Forfeiture | 21 Partnership and Corporate Governance |
| 06 Breach of Contract/Warranty | 22 PI/PD/WD—Auto *(Personal Injury/Property Damage/* |
| 07 Business Tort | *Wrongful Death)* |
| 08 Civil Rights *(Discrimination, False Arrest)* | 23 PI/PD/WD—Nonauto |
| 09 Collections *(Money Owed, Open Book Accounts)* | 24 Product Liability |
| 10 Construction Defect | 25 Professional Negligence *(Medical or Legal Malpractice, etc.)* |
| 11 Contractual Arbitration | 26 Real Property *(Quiet Title)* |
| 12 Declaratory Relief | 27 RICO |
| 13 Defamation *(Slander, Libel)* | 28 Securities Litigation |
| 14 Eminent Domain/Inverse Condemnation | 29 Tax Judgment |
| 15 Employment *(Labor Commissioner Appeals,* | 30 Toxic Tort/Environmental |
| *EDD Actions, Wrongful Termination)* | 31 Unlawful Detainer—Commercial |
| 16 Fraud | 32 Unlawful Detainer—Residential |
| 17 Injunctive Relief | 33 Wrongful Eviction |
| | 34 Other: _____ |

2. Type of remedies sought *(check all that apply)*: a. [X] Monetary  b. [ ] Nonmonetary  c. [X] Punitive
3. Number of causes of action: 4
4. Is this a class action suit? [ ] Yes  [X] No

Date: September 12, 1997

.......... DENNIS M. GRADY, ESQ. ..........
**(TYPE OR PRINT NAME)**

▶ *[signature]* Dennis M. Grady
**(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)**

**NOTE TO PLAINTIFF**

- This cover sheet shall accompany each civil action or proceeding, except those filed in small claims court or filed under the Probate Code, Family Law Code, or Welfare and Institutions Code.
- File this cover sheet in addition to any cover sheet required by local court rule.
- Do not serve this cover sheet with the complaint.
- This cover sheet shall be used for statistical purposes only and shall have no effect on the assignment of the case.

**CIVIL CASE COVER SHEET**<br>(Case Cover Sheets)   EXHIBIT A   1

DENNIS M. GRADY, Bar No. 118461
KATHLEEN E. HOLDEN, Bar No. 120782
GRADY AND ASSOCIATES
3111 Camino Del Rio North, Suite 400
San Diego, California  92108
Telephone:  (619) 528-2230

C O P Y
KENNETH E. MARTONE
Clerk of the Superior Court

SEP 15 1997

By: E. BROWN, Deputy

Attorneys for Plaintiff DAVID O. THUESON

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN DIEGO    714052

| | |
|---|---|
| DAVID O. THUESON,<br><br>              Plaintiff,<br><br>v.<br><br>COSMEDERM TECHNOLOGIES, INC.<br>AND DOES 1-50, inclusive,<br><br>              Defendants. | Case No.<br><br>COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>JURY TRIAL DEMANDED |

Plaintiff complains and alleges as follows:

1.    Plaintiff, DAVID O. THUESON, is and at all times relevant hereto, has been a resident of the State of California, County of San Diego.

2.    Plaintiff is informed and believes and thereby alleges that Defendant, COSMEDERM TECHNOLOGIES, INC., ("Cosmederm")is and at times relevant hereto was a corporation organized and existing under and by virtue of the laws of the State of Delaware, qualified to do business in California, with its principal place of business located in the County of San Diego.  Plaintiff is informed and believes on that basis alleges that at some of the times alleged, Cosmederm was a corporation organized and existing

GRADY AND
ASSOCIATES
3111 Camino Del Rio N
Suite 400
San Diego, Ca. 92108
619-528-2230

EXHIBIT A

under the laws of the State of California with its principal place of business in San Diego, California.

3.  The true names and capacities of the Defendants named herein as DOES 1 through 50, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure Section 474.  Plaintiff is informed and believes that Doe Defendants are California residents.  Plaintiff will amend this complaint to show such true names and capacities when they have been determined.

4.  Plaintiff is informed and believes, and thereby alleges that each of the Defendants herein was at all times relevant hereto the agent, employee, or representative of the remaining Defendants and was acting at least in part within the scope of such relationship.

FACTS COMMON TO ALL CAUSES OF ACTION

5.  David Thueson began working as Vice-President of Cosmederm, on February 15, 1993.  He had worked for approximately three months with no compensation before being offered a salary of $90,000 per year plus benefits.  Throughout his more than four years with the company, plaintiff had been instrumental in almost all aspects of the company.  He was hired as Vice President of the company and was the leader in research and development of all company technology and products.

6.  Plaintiff was hired by Dr. Gary Hahn ("Hahn"), who at that time served as CEO, President and Chairman of the Board of Cosmederm.  Throughout his employment, Plaintiff provided outstanding service to the company.  He received only one

2

performance evaluation during his years with the company, in August 1996, which rated him as "clearly outstanding" in the performance of his responsibilities for the company.

7.   Plaintiff received promises of continued employment with Cosmederm.   On July 10, 1995, Dr. Anne Crossway ("Crossway"), acting CEO of Cosmederm, wrote to plaintiff stating that he would receive additional compensation, "in recognition of [his] commitment to remain an active member of the management team at Cosmederm for the foreseeable future".

8.   Despite Plaintiff's exceptional performance, history with the company, and promises of continued employment, he was terminated on May 23, 1997.

9.   At the time of his termination, Plaintiff was overseeing on-going in house research studies, an outside contract clinical study and was involved in significant other ongoing research projects and plans for expansion and deals with several companies.   Cosmederm was just a few weeks away from finalizing a major deal with a leading international cosmetics company and its subsidiaries to develop numerous products which would have required significant research.   Plaintiff had recently submitted a paper to the journal "Dermatologic Surgery" which was the first of a planned sequence of papers covering the research and technology developed at Cosmederm by Plaintiff. Plaintiff was extremely busy and had no reason to anticipate his functions at the company would be unneeded in the future.

10.   On approximately May 23, 1997, plaintiff was called into Crossway's office to talk with her and Hahn.   At that meeting Hahn read from a script informing plaintiff that "we have

3

EXHIBIT A

not been doing research and don't anticipate doing any in the near future.  Therefore we are terminating your position effective today."

11.  Less than one week later, plaintiff was offered a consulting agreement by Cosmederm to perform basically the same duties for which he had been originally employed.  Cosmederm also hired a replacement for plaintiff's position.  Thus, the company did not actually eliminate plaintiff's position as he was told when he was terminated.

12.  Plaintiff was terminated in part because he repeatedly opposed and refused to participate in efforts by the corporation to conduct drug testing without complying with the regulations and requirements imposed by the Federal Drug Administration.  Plaintiff was repeatedly pressured by Cosmederm to conduct tests on drugs under the guise of testing cosmetics.  The testing of cosmetics was not subject to the same stringent testing requirements as the testing of drugs.  The pressure by Cosmederm to participate in such improper testing increased until the time of plaintiff's termination.

13.  Plaintiff was terminated in part because he confronted and complained to Crossway, about the company's unlawful vacation policy/practices and had taken steps to go to the Board of Directors because she would not rectify the problem.  In approximately January of 1997, plaintiff learned that Crossway was working on a draft for a new proposed company policy manual.  A draft version of the proposed policy manual was provided to both plaintiff and Hahn for review.  A special meeting was scheduled on January 15, 1997 to review and discuss the manual.

GRADY AND
ASSOCIATES
2223 Camino Del Rio N
Suite 400
San Diego, CA. 92108
619-538-3250

4

At this meeting, part of the draft policy manual was discussed, but the new proposed, draft vacation policy was not discussed. The draft policy manual contained a new proposed, draft policy which stated that no employee could have more than the equivalent of one and a half years of allotted vacation time on the company books or vacation accrual would stop until the level of their vacation fell below the allowed one and a half years. This provision was never discussed with plaintiff or other employees nor, plaintiff is informed and believes, has the policy manual been finalized or circulated to employees to this date. This proposed, draft policy represented a complete change from the prior policy which had no cap on vacation accrual.

14.   Nothing further was said to plaintiff regarding the proposed company policy manual or the proposed, draft vacation policy until May of 1997 when, after submitting a request for vacation, plaintiff learned that he had not been accruing vacation since January of 1997. Plaintiff was told by the company accountant that Crossway had directed that no additional vacation was to be accrued pursuant to the proposed, draft policy. Additionally, Crossway attempted to remove the vacation plaintiff had accrued to date in excess of the 1 ½ year allowed accrual. The accountant stated that this probably was unlawful.

15.   After learning that vacations had not been accruing since January of 1997, plaintiff complained to Hahn and Crossway. Receiving no response, on approximately May 20, 1997 plaintiff prepared a letter to be submitted to the Board of Directors regarding the unlawful denial of vacation. A draft of this letter was given to Hahn and Mary Jane Charls, Executive

5

EXHIBIT A

Assistant. Four days later on May 23, 1997, the day of the Board meeting, Crossway terminated plaintiff for false and pretextual reasons. Plaintiff is informed and believes and on that basis alleges that he was terminated in part to prevent him from presenting his information to the Board of Directors and in retaliation for his complaints regarding the company's unlawful vacation policy/practice.

16.  Plaintiff's termination was without good, just and sufficient cause.

### FIRST CAUSE OF ACTION

(Breach of Contract Against Defendants
Cosmederm and Does 1-25)

17.  Plaintiff hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

18.  Plaintiff began working for defendant Cosmederm, on or about November 9, 1992 and worked continuously for Cosmederm, until his termination on or about May 23, 1997. During the entire course of plaintiff's employment with defendant, there existed an express and implied in fact, employment contract between plaintiff and defendant which at the time of plaintiff's discharge included, but was not limited to, the following terms and conditions:

a.  Plaintiff would remain an active member of the management team at Cosmederm for the foreseeable future;

b.  Plaintiff's employment would not be terminated for other than good, just, sufficient cause.

19.  This total employment contract was evidenced by various written documents, oral representations to plaintiff by

6

defendant' agents and employees, and the parties' entire course of conduct including the following:

    a.   Portions of this contract are embodied in the letter agreement dated July 10, 1995 that is signed by the acting Chief Executive Officer of Cosmederm;

    b.   There was an established policy within Cosmederm known to plaintiff and relied upon by plaintiff, that an employee such as plaintiff, who had performed services as a good and faithful employee, would have secure employment tenure with defendant; that an employee such as plaintiff would be permitted to continue employment unless discharged for good, just and sufficient cause; that an employee such as plaintiff, with an alleged complaint lodged against him would be provided a meaningful opportunity to respond and/or improve; that an employee such as plaintiff would not be discharged without good, just and sufficient cause, and would not otherwise have his job functions taken away or reassigned.

    c. Representations were made to plaintiff by representatives of Cosmederm regarding the position, terms of employment and Cosmederm's agreement to these terms and conditions.

20.  Plaintiff's reliance on and belief in and acceptance in good faith, of all of the assurances, promises and representations as listed in the preceding paragraphs above, lead plaintiff throughout his employment with defendant to reasonably believe that his employment was secure and that there existed a contract of continuous employment with defendant Cosmederm, Inc.

7

EXHIBIT A

As independent consideration for this contract of continuing employment, and as evidence of plaintiff's reliance thereon, in addition to performing his regular duties as an employee of defendant, plaintiff refrained from seeking any other employment and refrained from pursuing other career opportunities.

21.   Plaintiff's lengthy service with the company also lead him to reasonably believe that his employment was secure.

22.   Plaintiff undertook and continued employment and duly performed all the conditions of the contract to be performed by him.  Plaintiff has at all times been ready, willing and able to perform and has offered to perform all the conditions of this contract to be performed by him.

23.   Despite the contract and representations made to plaintiff and the reliance he placed on them, defendant failed to carry out its responsibilities under the terms of the employment contract in numerous ways including, but not limited to terminating plaintiff's employment on or about May 23, 1997 without good, just and sufficient cause.

24.   As a proximate result of defendant's breach of contract against plaintiff, plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation, and other employment benefits all to his damage in an amount according to proof.

WHEREFORE, plaintiff requests relief as hereinafter provided.

/ / /

/ / /

/ / /

8

EXHIBIT A

## SECOND CAUSE OF ACTION

(Breach of the Covenant of Good Faith
and Fair Dealing Against Cosmederm and Does 1-30)

25.  Plaintiff hereby realleges and incorporates by
reference herein each and every preceding paragraph of this
complaint.

26.  The aforesaid employment contract contained an implied
covenant of good faith and fair dealing by which defendant
Cosmederm promised to give full cooperation to plaintiff and his
performance under said employment contract and to refrain from
doing any act which would prevent or impede plaintiff from
performing all the conditions of the contract to be performed by
him, or any act that would prevent or impede plaintiff's
enjoyment of the fruits of said contract.  Specifically, said
covenant of good faith and fair dealing required defendant to
fairly, honestly, and reasonably perform the terms and conditions
of the agreement.

27.  Plaintiff, as an individual employee, with no legal
representation or prior experience in making such contracts as
the one alleged herein, was in an inherently unequal bargaining
position in his dealings with defendant Cosmederm, an established
concern with large amounts of assets.  In addition, once
plaintiff committed himself to the above-stated contract, and
took the reasonable actions alleged herein in reliance, plaintiff
was placed in a particularly vulnerable position because, among
other reasons, he gave up actively seeking employment in his
field.  He had entrusted his entire livelihood to defendant's
willingness to perform its obligations under the contract, and

9

EXHIBIT A

risked suffering grave harm if defendant failed to perform. Defendant was aware of plaintiff's vulnerability in this regard.

28.  Plaintiff is informed and believes that defendant breached its contract with plaintiff without conducting any reasonable investigation concerning its obligations under said contract, without good, just or sufficient cause, for reasons extraneous the contract, and for the purpose of frustrating plaintiff's enjoyments of the benefits of the contract. Accordingly, defendant breached its implied duty of good faith and fair dealing.  Further, defendant breached its covenant in regard to plaintiff through its conduct in terminating his employment without cause and for reasons that have nothing to do with legitimate business justification;

29.  As a result of defendant's violations of said implied covenant of good faith and fair dealing, and their reprehensible and willful conduct toward plaintiff, plaintiff has suffered harm:

a.   The destruction of plaintiff's valuable property interests, i.e., his prospect of continuing future employment with defendant and receipt of continued compensation and ownership rights in the company;

b.   Impairment and damage to plaintiff's good name by causing him to be disciplined and discharged with the untrue implication to all future prospective employers that he had been discharged for unsatisfactory performance.  Said implication was and is completely untrue and totally without foundation;

10

EXHIBIT A

c.   The incurring of reasonable attorneys' *fees in his*
attempt to obtain the benefits due him under the above
stated employment contract with defendant; and,

d.   Substantial losses in earnings, bonuses, deferred
compensation and other employment benefits and costs
incurred in seeking and performing substitute employment;


WHEREFORE, plaintiff requests relief as hereinafter
provided.

### THIRD CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy-
21 U.S.C. §355 and regulations thereunder Against COSMEDERM and
Does 15-40)

30.  Plaintiff hereby realleges and incorporates by
reference herein each and every preceding paragraph of this
complaint.

31.  A fundamental public policy is embodied in Title 21,
United States Code §355 and related provisions of law and
regulations forbidding any person from introducing into
interstate commerce any new drug, unless approval of an
application filed with the Federal Drug Administration is
effective with respect to such drug.  This statutory and
regulatory scheme requires extensive testing of drugs before they
are introduced to the market.  This statutory public policy
involves a duty affecting the public at large as society's
interests are served by the testing of drugs before they are
introduced to the market and used by consumers.

32.  Defendants, individually and through their officers,
partners, agents, and/or employees acting within the scope of

11

EXHIBIT A

their employment, terminated plaintiff from his employment after he objected to and refused to participate in his employer's policies and practices which were designed to circumvent this important statutory requirement by mischaracterizing its testing of drugs as testing of cosmetics, which are not subject to the stringent testing standards required by 21 U.S.C. §355 and related statutes and regulations.  Said actions were committed by defendants, in violation of fundamental public policies including those embodied in 21 U.S.C. §355 et seq.

33.  As a proximate result of defendant's wrongful acts against plaintiff, plaintiff has suffered and continues to suffer substantial losses incurred in seeking and performing substitute employment and in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to his damage in an amount according to proof.

34.  Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from defendants in an amount according to proof.

### FOURTH CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy-
Labor Code §200 et. seq. Against COSMEDERM and Does 15-50)

35.  Plaintiff hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

GRADY AND
ASSOCIATES
3211 Camino Del Rio N
Suite 400
San Diego, CA 92108
619-528-3250

12

EXHIBIT A

36.   A fundamental public policy is embodied in California Labor Code § 200 et seq., protecting employees from forfeiture of wages, including vested vacation benefits.  This statutory public policy involves a duty affecting the public at large as society's interests are served by protecting and preserving the rights of employees to receive wages, including vacation benefits, which are earned and vested.

37.   Defendants, individually and through their officers, partners, agents, and/or employees acting within the scope of their employment, terminated plaintiff from his employment after he objected to and threatened to report a change in his employer's policies which would result in a forfeiture of vested vacation benefits.  Said actions were committed by defendants, in violation of fundamental public policies including those embodied in California Labor Code § 200 et seq.

38.   As a proximate result of defendant's wrongful acts against plaintiff, plaintiff has suffered and continues to suffer substantial losses incurred in seeking and performing substitute employment and in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to his damage in an amount according to proof.

39.   Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from defendants in an amount according to proof.

13

EXHIBIT A

WHEREFORE, plaintiff requests relief as follows:

1.   For damages according to proof including losses incurred in seeking substitute employment and loss of earnings, deferred compensation and other employment benefits;

2.   For compensatory damages for losses resulting from humiliation, mental anguish, and emotional distress according to proof;

3.   For interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits at the prevailing rates;

4.   For punitive damages according to proof;

5.   For costs of suit including reasonable attorneys fees;

6.   For such other and further relief as the Court may deem proper.

                              GRADY AND ASSOCIATES

DATED: September /≥, 1997

                              By: _Dennis M. Grady_
                              DENNIS M. GRADY, Attorneys for
                              Plaintiff, DAVID O. THUESON

2258\complaint

GRADY AND
ASSOCIATES
9111 Camino Del Rio N
Suite 400
San Diego, CA, 92108
619-528-2250

14

EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
COSMEDERM TECHNOLOGIES, INC. AND DOES 1-50,
inclusive

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*

DAVID O. THUESON

| | |
| --- | --- |
| You have *30 CALENDAR DAYS* after this summons is served on you to file a typewritten response at this court. | *Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.* |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | *Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.* |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | *Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | *Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).* |

The name and address of the court is: *(El nombre y dirección de la corte es)*

**CASE NUMBER:** *(Número del Caso)*
**714052**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
☒220 W.BROADWAY ☐1501-55 SIXTH ☐325 S.MELROSE ☐250 E.MAIN
SAN DIEGO,CA    SAN DIEGO,CA    VISTA,CA    EL CAJON,CA
92101-3409    92101-1946    92083-6627    92020-3913

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Dennis M. Grady, Esq., GRADY AND ASSOCIATES, 3111 Camino del Rio North,
Suite 400, San Diego, CA 92108; PH:(619) 528-2230

KENNETH E. MARTONE
CLERK OF THE SUPERIOR COURT

DATE: 9-15-97
*(Fecha)*

By _Eva Brown_, Deputy
*(Actuario)*    EVA BROWN    *(Delegado)*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
| --- | --- |
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify)*: |
| | 3. ☐ on behalf of *(specify)*: |
| | under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (individual) |
| | ☐ other: |
| | 4. ☐ by personal delivery on *(date)*: |

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]

*(See reverse for Proof of Service)*
**SUMMONS**

SUP CT 219(REV.1-90)

EXHIBIT B    CCP 412.2

| NAME AND ADDRESS OF SENDER: | TELEPHONE NO.: | For Court Use Only: |
|---|---|---|
| KATHLEEN E. HOLDEN, ESQ.<br>GRADY AND ASSOCIATES<br>3111 CAMINO DEL RIO NORTH, SUITE 400<br>SAN DIEGO, CA 92108 | (619) 528-2230<br><br>BAR # 1120782 | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- [X] CENTRAL COURT, 220 W. BROADWAY, SAN DIEGO, CA 92101-3409
- [ ] FAMILY COURT, 1501-55 SIXTH, SAN DIEGO, CA 92101-1946
- [ ] NORTH COUNTY BRANCH, 325 S. MELROSE, VISTA, CA 92083-6627
- [ ] EAST COUNTY COURT, 250 E. MAIN, EL CAJON, CA 92020-3913
- [ ] SOUTH BAY COURT, 500 THIRD, CHULA VISTA, CA 91910-5694

`* 3 F 3 1 *`    `* Z A *`

PLAINTIFF:

DAVID THUESON

DEFENDANT:

COSMEDERM TECHNOLOGIES

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT** | Case Number:<br>714052 |
|---|---|

TO: JENNIFER. A. .KEARNS.
(Insert name of individual being served)

This summons and other document(s) indicated below are being served pursuant to Section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it to me within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons and other document(s) are deemed served on the date you sign the Acknowledgment of Receipt below, if you return this form to me.

Dated: . . . . . . . . . . . . . . .      _____
(Signature of sender)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of: (To be completed by sender before mailing)
1. [X] A copy of the summons and of the complaint.
2. [ ] A copy of the summons and of the Petition (Marriage) and:
   - [ ] Blank Confidential Counseling Statement (Marriage)
   - [ ] Order to Show Cause (Marriage)
   - [ ] Blank Responsive Declaration
   - [ ] Blank Financial Declaration
   - [X] Other: (Specify)   Notice of Case Assignment
                            Civil Case Cover Sheet

**(To be completed by recipient)**

Date of receipt: . . . . . . . . . . . . .      _____
(Signature of person acknowledging receipt, with title if
acknowledgment is made on behalf of another person)

Date this form is signed: . . . . . . . . .      COSMEDERM TECHNOLOGIES, INC.
(Type or print your name and name of entity, if any,
on whose behalf this form is signed)

| Form Approved by the<br>Judicial Council of California<br>Revised Effective January 1, 1975<br>[982(a)94)]<br>SUPCT 295(Rev 1-75] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT** | CCP 415 30, 417 10,<br>Cal Rules of Court,<br>Rule 1216 |

EXHIBIT  B

F  I  L  E  D
KENNETH E. MARTONE
Clerk of the Superior Court

OCT 21 1997

By: S. MARLETT, Deputy

1 | JENNIFER A. KEARNS, ESQ., STATE BAR NO. 125588
CRAIG E. HUNSAKER, ESQ. STATE BAR NO. 168829
2 | BROBECK, PHLEGER & HARRISON LLP
550 West "C" Street, Suite 1300
3 | San Diego, California 92101
(619) 234-1966
4

5 | Attorneys for Defendant
COSMEDERM TECHNOLOGIES, INC.
6

7

8 |                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                    FOR THE COUNTY OF SAN DIEGO

10

11 | DAVID O. THUESON,                    )  Case No. 714052
                                         )
12 |            Plaintiff,               )
                                         )  **ANSWER TO UNVERIFIED COMPLAINT**
13 |      v.                             )
                                         )
14 | COSMEDERM TECHNOLOGIES, INC.;       )
and DOES 1 to 50, inclusive;           )
15 |                                     )
            Defendants.                 )
16 |                                     )

17 |      Defendant Cosmederm Technologies, Inc. ("Defendant") hereby

18 | answers Plaintiff David O. Thueson's ("Plaintiff's") unverified

19 | Complaint ("Complaint") as follows:

20 |                               I.

21 |                      <u>ANSWER TO COMPLAINT</u>

22 |      1.    Pursuant to Code of Civil Procedure section 431.30(d),

23 | Defendant denies each and every allegation of the Complaint and

24 | each cause of action contained therein, both generally and

25 | specifically, and denies that Plaintiff has been damaged in any

26 | sum whatsoever by any act or omission of Defendant.

27 | ///

28 | ///

SDILIB1\CEH\216840.01
10/21/97

COPY

EXHIBIT C

## II.

### AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State Claim)

1. The Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant, its representatives, agents or employees.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

2. The Complaint, and each and every cause of action contained therein, is barred, either in whole or in part, by the applicable statutes of limitations, including, without limitation, California Code of Civil Procedure sections 337, 339 and 340, and California Government Code sections 12960 and 12965.

### THIRD AFFIRMATIVE DEFENSE

#### (Waiver)

3. Plaintiff has waived each and every cause of action contained in his Complaint.

### FOURTH AFFIRMATIVE DEFENSE

#### (Estoppel)

4. Plaintiff is estopped from maintaining this action, or recovering anything from Defendant, because of his own wrongful conduct.

///

///

EXHIBIT C

## FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

5.   Plaintiff has failed to act reasonably to mitigate his alleged damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

6.   The injuries suffered by Plaintiff, if any, are the result of his own unclean hands or wrongful conduct.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

7.   Plaintiff is barred from any recovery by reason of his failure to exhaust completely the administrative remedies available to him.

## EIGHTH AFFIRMATIVE DEFENSE

(At-Will Employment)

8.   Plaintiff was, at all times during his employment, an at-will employee, terminable at the election of Defendant, with or without cause.   Labor Code § 2922.

## NINTH AFFIRMATIVE DEFENSE

(Business Justification)

9.   All actions taken by Defendant with respect to Plaintiff's employment were taken for valid, legitimate, non-discriminatory, non-retaliatory business reasons.

## TENTH AFFIRMATIVE DEFENSE

(Workers' Compensation Act)

10.   The Workers' Compensation Act, California Labor Code §§ 3200 et seq., provides plaintiff's exclusive remedy for any claimed personal injury, including any claims for physical injury

SDILIB1\CBH\216840.01
10/21/97

-3-

EXHIBIT C

1  or mental or emotional distress.

2  **ELEVENTH AFFIRMATIVE DEFENSE**

3  (Prior, Material Breach)

4      11.   Plaintiff is barred from any recovery on his contract

5  claims by reason of his own prior, material breach.

6      WHEREFORE, Defendant prays as follows:

7      1.   That Plaintiff take nothing by reason of his Complaint

8  and that the same be dismissed with prejudice;

9      2.   That Defendant be awarded its costs of suit, including

10  reasonable attorneys' fees, incurred in defending this action; and

11      3.   For such other and further relief as this Court deems

12  just and proper.

13  Dated:   October 21, 1997      JENNIFER A. KEARNS
                                    CRAIG E. HUNSAKER
14                                  BROBECK, PHLEGER & HARRISON LLP

15

16                                 By: _Jennifer A. Kearns_
17                                     Jennifer A. Kearns
                                        Attorneys for Defendant
18                                      COSMEDERM TECHNOLOGIES, INC.

19

20

21

22

23

24

25

26

27

28

EXHIBIT C

F I L E D
KENNETH E. MARTONE
Clerk of the Superior Court

1 | David O. Thueson v. Cosmederm Technologies, Inc.
San Diego Superior Court Case No. 714052

OCT 21 1997

2

PROOF OF SERVICE          By: S. MARLETT, Deputy

3

I am employed in the City and County of San Diego,
4 | California.  I am over the age of 18 years and not a party to the
within action.  My business address is Brobeck, Phleger & Harrison
5 | LLP, 550 West "C" Street, Ste. 1300, San Diego, CA  92101.

6 | On October 21, 1997, I served the attached

7 | **ANSWER TO UNVERIFIED COMPLAINT**

8

9 | on the party(ies) in this action by placing a true copy thereof in
a sealed envelope(s), addressed as follows:

10

Kathleen E. Holden, Esq.
11 | **GRADY AND ASSOCIATES**
3111 Camino Del Rio North
12 | Suite 400
San Diego, CA 92108

13

14 | [X]          (BY MAIL)  I placed each such sealed envelope, with
postage thereon fully prepaid for first-class mail, for
15 |              collection and mailing at Brobeck, Phleger & Harrison
LLP, San Diego, California, following ordinary business
16 |              practices.  I am familiar with the practice of Brobeck,
Phleger & Harrison LLP for collection and processing of
17 |              correspondence, said practice being that in the ordinary
course of business, correspondence is deposited in the
18 |              United States Postal Service the same day as it is
placed for collection.

19

[ ]          (BY PERSONAL SERVICE)  I caused each such envelope to be
20 |              delivered by hand to the addressee(s) above.  The actual
Declaration of Personal Service shall be filed upon its
21 |              receipt, within the applicable statutory deadlines.

22 | [ ]          (BY HAND-DELIVERY)  I delivered by hand each sealed
envelope to the addressee(s) above.

23

[ ]          (BY FACSIMILE)  I transmitted the above-listed
24 |              document(s) to the party(ies) listed above via facsimile
on N/A.  No transmission error was reported by the
25 |              facsimile machine.

26 | I declare under penalty of perjury under the laws of the
State of California that the foregoing is true and correct.

27

Executed at San Diego, California on October 21, 1997.

28

Deborah A. Hamer

**EXHIBIT C**

1 | David O. Thueson v. Cosmederm Technologies, Inc.; and DOES 1 to
50, inclusive;
2 | United States District Court, Southern District of California
Case No.
3 | <u>**PROOF OF SERVICE**</u>

4 |     I am employed in the City and County of San Diego,
California.  I am over the age of 18 years and not a party to the
5 | within action.  My business address is Brobeck, Phleger & Harrison
LLP, 550 West "C" Street, Ste. 1300, San Diego, CA  92101.
6 |
7 | On October 22, 1997, I served the attached

     **NOTICE OF REMOVAL**
8 |
9 |
10 | on the party(ies) in this action by placing a true copy thereof in
a sealed envelope(s), addressed as follows:

11 | Kathleen E. Holden, Esq.
**GRADY AND ASSOCIATES**
12 | 3111 Camino Del Rio North
Suite 400
13 | San Diego, CA 92108

14 |

15 | ☒    (BY MAIL)  I placed each such sealed envelope, with
postage thereon fully prepaid for first-class mail, for
16 | collection and mailing at Brobeck, Phleger & Harrison
LLP, San Diego, California, following ordinary business
practices.  I am familiar with the practice of Brobeck,
17 | Phleger & Harrison LLP for collection and processing of
correspondence, said practice being that in the ordinary
18 | course of business, correspondence is deposited in the
United States Postal Service the same day as it is
19 | placed for collection.

20 | ☐    (BY PERSONAL SERVICE)  I caused each such envelope to be
delivered by hand to the addressee(s) above.  The actual
21 | Declaration of Personal Service shall be filed upon its
receipt, within the applicable statutory deadlines.
22 |
23 | ☐    (BY HAND-DELIVERY)  I delivered by hand each sealed
envelope to the addressee(s) above.

24 | ☐    (BY FACSIMILE)  I transmitted the above-listed
document(s) to the party(ies) listed above via facsimile
25 | on N/A.  No transmission error was reported by the
facsimile machine.
26 |
27 |     I declare under penalty of perjury under the laws of the
State of California that the foregoing is true and correct.

28 |     Executed at San Diego, California on October 22, 1997.

                   Deborah A. Hamer

JS 44
(Rev. 7/.55)

● **CIVIL COVER SHEET** ●

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

David O. Thueson

**DEFENDANTS**

Cosmederm Technologies, Inc.,; and DOES 1 to 50, inclusive;

'97 cv 1902 H (CGA)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

Jennifer A. Kearns, Esq.
BROBECK, PHLEGER & HARRISON LLP
550 West "C" Street, Suite 1300
San Diego, California 92101

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN 'X' IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

*FILED*

*DISTRICT COURT OF CALIFORNIA DEPUTY*

**V. NATURE OF SUIT** (PLACE AN 'X' IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☒ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)   28 U.S.C. Sec. 1331

**VII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   **DEMAND $** _____   CHECK YES only if demanded in complaint:   **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE October 22, 1997   SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 33653   AMOUNT $150⁰⁰   APPLYING IPP _____   JUDGE _____   MAG. JUDGE _____